Empery Asset Master, Ltd. v AIT Therapeutics, Inc. (2021 NY Slip Op 05163)





Empery Asset Master, Ltd. v AIT Therapeutics, Inc.


2021 NY Slip Op 05163


Decided on September 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 30, 2021

Before: Manzanet-Daniels, J.P., Kern, Oing, Rodriguez, Higgitt, JJ. 


Index No. 651306/18 Appeal No. 14248 Case No. 2020-04156 

[*1]Empery Asset Master, Ltd., et al., Plaintiffs-Respondents,
v
AIT Therapeutics, Inc., Defendant-Appellant.


Kasowitz Benson Torres LLP, New York (Kim Conroy of counsel), for appellant.
Olshan Frome Wolosky LLP, New York (Kerrin T. Klein of counsel), for respondents.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered September 1, 2020, which, insofar as appealed from, denied defendant's motion for summary judgment dismissing the breach of contract and reformation claims, unanimously affirmed, with costs.
Defendant contends that section 3(b) of plaintiffs' warrants is unambiguous and must be applied as written. This argument is unavailing. The third sentence of section 3(b) begins, "Upon each such adjustment of the Exercise Price pursuant to the immediately preceding sentence . . ." However, the immediately preceding sentence (the second sentence) says nothing about adjusting the Exercise Price; instead, it is the first sentence of section 3(b) that addresses adjusting the Exercise Price. Moreover, if section 3(b) unambiguously supported defendant, we would have granted its motion to dismiss, rather than affirming the denial of the motion (see Empery Asset Master, Ltd v AIT Therapeutics, Inc., 179 AD3d 443 [1st Dept 2020]).
Defendant contends that the reformation claim should be dismissed because there is no evidence that plaintiffs — as opposed to nonparty Deerfield Special Situations Fund, LP, the lead investor for the relevant capital raise by defendant — reached an agreement with defendant that was not reflected in the warrant and because plaintiffs were negligent. These arguments are unavailing.
Under the circumstances of this case, the evidence reveals issues of fact as to whether there was mutual mistake and/or a scrivener's error (see generally Warberg Opportunistic Trading Fund L.P. v GeoResources, Inc., 151 AD3d 465 [1st Dept 2017]). We cannot conclude, as a matter of law, that a reasonable person reviewing a 20-page warrant and a 42-plus-page Securities Purchase and Registration Rights Agreement would have realized that the word "sentence" (in "immediately preceding sentence") should have been "sentences."
Defendant contends that its 2018 capital raise did not trigger section 3(d) of plaintiffs' warrants because it did not issue options in connection with the issuance or sale of other securities but merely issued warrants. However, if, as a matter of law, defendant had merely issued warrants, we would have granted its motion to dismiss instead of affirming the denial of the motion (see Empery, 179 AD3d at 443). Nor does the record evidence show that defendant is entitled to judgment as a matter of law. For example, contrary to defendant's claim that the deposition testimony of its witness was undisputed, there was testimony not only by plaintiffs' witnesses, but also from Deerfield, which has no stake in the dispute between plaintiffs and defendant, challenging defendant's testimony.
We have considered defendant's remaining arguments, including that the reformation claim is moot because plaintiffs exercised their warrants, and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2021